## BLACK et al. v. HAYNES.

No. 4740. Opinion Filed July, 14, 1914.

Rehearing Denied January .9, 1915.

(145 Pac. 362.)

WILLS—Testamentary Capacity—Surviving Wife—Jointly Acquired Property. Section 8985, Compiled Laws of Oklahoma 1909 (section 8418, Revised Laws of Oklahoma 1910), providing that, "when any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * * Second. If the decendent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares; provided, that in all cases where property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation"—construed, and held not to preclude the surviving wife from disposing of by will such jointly acquired property, inherited by her from the deceased husband.

(Syllabus by the Court.)

Riddle and Bleakmore, JJ., dissenting.

*Error from District Court, Love County;*

*S. H. Russell, Judge.*

Action by R. H. Haynes, administrator, against Sam Black and others. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

*Eddleman & Graham* and *Davis & Davis,* for plaintiffs in error.

*Cruce & Potter,* for defendant in error.

KANE, C. J. This proceeding is error seeks to review the action of the trial court in an action wherein the defendant in error, as administrator of the estate of N. J. Decherd, who died in October, 1910, without issue, leaving a surviving wife, E. L. Decherd, who subsequently died, brought suit to recover one-half of the estate left by said deceased Decherd's wife; such estate having been acquired by her by inheritance from her deceased husband, it previously having been acquired during coverture by the joint industry of said husband and wife. The cause was tried on an agreed statement of facts. Paragraph 4 of said statement is as follows:

"Now it is agreed by the parties that, if the said E. L. Decherd could lawfully dispose of said property by will, then the plaintiff has no right to recover, and, if she could not lawfully dispose of said property by will, then the plaintiff is entitled to recover one-half of the same. It is further agreed that said E. L. Decherd (his wife) during her lifetime did not dispose of any of said property or attempt to dispose of it, except by said will."

Section 8985, Compiled Laws of Oklahoma 1909 (section 8418, Revised Laws Oklahoma 1910), reads as follows:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * * Second. If the decedent leave no issue,

the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares." But "if there be no father" or mother, then said remaining "one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares. Provided; that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate to go to the survivor, at whose death if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

If the estate had been acquired by the deceased husband prior to his marriage, if he died intestate and without issue, one-half of it would have descended without any limitations to the wife. Here the estate was acquired by the joint industry of the husband and wife during coverture. What reason for making a provision which gives the wife the right to dissipate the estate, dispose of it by conveyance, or spend all of it during her lifetime, yet if she be saving and frugal, economical and wise, thereby preventing the estate from decreasing, prohibits her from disposing of part of it by devise? This proviso, in case the husband died intestate, leaving a wife surviving, creates an estate in the manner of community property. It is the general rule that in the absence of an antenuptial agreement to the contrary in jurisdictions where the system of community property prevails, upon the death of either the husband or wife, one-half vests in the heirs of the deceased. 27 Cyc. 1703. It seems quite clear that the purpose of the section under consideration is to provide a general rule of descent, and that the first sentence thereof, "When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner:

* * *," relates to and qualifies the whole section. If the scope of the section and the persons to whom it applies, viz., any person having an estate who dies without disposing of it by will, is kept in mind, it will become quite apparent that it was not the intention of the legislature that the alienation of property acquired by the joint industry of the husband and wife during coverture, which descends to a surviving spouse, should be hedged about by any other limitations than those applicable to property otherwise inherited. If we read the proviso in connection with the sentence quoted above, a fair interpretation of it would be as follows:

"Provided that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor at whose death, if any of said property remain (undisposed of by will), one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to their right of representation."

This construction seems to harmonize with not only the letter, but also the spirit, of the act.

The plaintiffs in error are precluded from urging that the action would not lie in the name of the administrator under the stipulation hereinbefore set out, it being there agreed that:

"If the spouse could not lawfully dispose of said property by will, then the plaintiff is entitled to recover one-half of the same."

The judgment of the lower court is, accordingly, reversed, and judgment is here rendered in favor of the plaintiff in error as against the defendant in error.

All the Justices concur, except RIDDLE and BLEAKMORE, JJ., who dissent.