## LOUTHAN et al. v. JOHNSON et al. (John W. Louthan et al., Interveners.)

No. 15489—Opinion Filed July 7, 1925.

Rehearing Denied Sept. 8, 1925.

1. **Descent and Distribution—Husband and Wife—Property Acquired by Joint Industry.**

It is the purpose of section 11301, Comp. St. 1921, to provide a general rule of descent, and when the first section thereof is read in connection with the proviso found in the second subdivision of the section a fair interpretation of it should be as follows: "Provided, that in all cases where the property is acquired by the joint industry of the husband and wife during coverture, and there is no issue the whole estate shall go to the survivor, at whose death, if any of said property remain (undisposed of by will), one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to their right of representation."

2. **Wills—Enforcement of Intended Devise —Statutory Requisites.**

It is an established rule that intended disposition of property of a testamentary character and not to take effect in the testator's lifetime, is inoperative unless declared in writing in conformity with the statutory regulations regarding devises and bequests.

3. **Gifts—Mere Promise to Give Unenforceable.**

A promise to make a gift lacks a consideration and is unenforceable.

4. **Wills—Contracts to Make—Enforceability—Consideration.**

Contracts to make a will which are entered into in writing and containing a consideration are enforceable; but contracts, either oral or written, are not enforceable without a consideration.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Mary Jane Louthan et al. and John W. Louthan et al., interveners, against Margaret Johnson et al. From a judgment in favor of defendants, the plaintiffs and interveners bring error. Affirmed.

Bond, Melton & Melton and Simons & McKnight, for plaintiffs in error.

John F. Curran and McKeever, Moore & Elam, for defendants in error.

Robert E. Smith, for interveners.

Opinion by PINKHAM, C. The plaintiffs

in error, as plaintiffs, instituted this action against the defendants in error, as defendants, to recover the undivided one-half interest in an estate which was devised and bequeathed by last will and testament by one Adeline Louthan to the defendant, Margaret Johnson, for life, and the remainder to the two daughters of Margaret Johnson.

The trial court found and held that one H. E. Louthan and Adeline Louthan, husband and wife, both died without issue, no children ever having been born to their marriage; that all the property held and possessed at the death of H. E. Louthan was property acquired by the joint industry of the husband and wife, and that the survivor, Adeline Louthan, took all of such property as the sole heir of H. E. Louthan, with title and power of distribution by will by virtue of the proviso of the second subdivision of section 11301, Comp. St. 1921; and that defendants took title under the will of Adeline Louthan to the exclusion of plaintiffs—the mother and brothers and sister of H. E. Louthan, deceased.

Certain nephews of said H. E. Louthan, deceased, intervened in the cause and base their action upon an alleged contract entered into between the said H. E. Louthan a few days before his death, and Adeline Louthan his wife, to the effect that he would execute deeds and conveyances to his wife for all the real and personal property owned by him upon condition that the said Adeline Louthan should take title to such property for her use and benefit during her life and would execute a will leaving the residue of such property at her death to the said interveners. At the close of the evidence the court found that the plaintiffs and interveners have no right, title, or estate in or to the property involved in the action; and that the defendants are entitled to said real estate and personal property under the terms of the will. Judgment was rendered that the plaintiffs and interveners take nothing by the suit. Plaintiffs have appealed to this court by petition in error, and the interveners have filed a cross-petition in error.

All of the assignments of error on the part of the plaintiffs in error plaintiffs in the court below, are discussed under the one proposition that "the right of heirs to take one-half of the property remaining at the death of a surviving spouse under the proviso of the second subdivision of section 11301, Comp. St. 1921, cannot be defeated by the will of the survivor attempting to devise and bequeath all of such property remaining at survivor's death."

There is no dispute as to the facts: The property involved, which consisted of certain lots and a number of shares of stock in a laundry company, was acquired by the joint industry of H. E. Louthan and Adeline Louthan, husband and wife, during their marriage. H. E. Louthan died in 1918, and Adeline Louthan died in 1921. They left no issue. Prior to the husband's death, he executed a deed to the real estate and an assignment of the shares of stock to his wife, Adeline Louthan, with directions that the same should be delivered to his wife, Adeline Louthan, upon his death; that Adeline Louthan left a will devising and bequeathing the estate to her sister, the defendant in error, Margaret Johnson, for life, and the remainder to Margaret Johnson's daughters, Adeline Johnson and Maybelle Johnson. This will was duly filed for probate, a decree rendered by the county court allowing such will to probate and issuing letters testamentary to Margaret Johnson, the executrix named in the will.

The proviso of the second subdivision of section 11301, Comp. St. 1921, reads as follows:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

This court, in the case of Black v. Haynes, 45 Okla. 363, 145 Pac. 362, construed this section of the statute. The question there presented for decision was the right of the surviving spouse to dispose by will of the entire estate inherited by her from her husband. In discussing the true meaning of the proviso of the second subdivision, the court said:

"It seems quite clear that the purpose of the section under consideration is to provide a general rule of descent, and that the first sentence thereof, 'when any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will it descends and must be distributed in the following manner: * * * related to and qualifies the whole section. If the scope of the section and the persons to whom it applies, viz., any person having an estate who dies without disposing of it by will is kept in mind it will become quite apparent that it was not the intention of the Legislature that the alienation of the property acquired by the joint industry of husband and wife during coverture, which de-

scends to a surviving spouse, should be hedged about by any other limitation than those applicable to property otherwise inherited."

The court then says that if the proviso is read in connection with the sentence quoted, a fair interpretation of it would be as follows:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain (indisposed of by will), one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to their right of representation."

It is not contended that there is any distinction to be drawn between the facts and issues in the instant case and the case under consideration. The argument is that the construction of this statute in Black v. Haynes, supra, does violence to the intention of the Legislature; that this court should reverse the former opinion and place a construction upon the statute involved in keeping with the legislative intent; that Black v. Haynes, supra, is the single decision of this court on the question. Black v. Haynes, supra, was decided in July, 1914, and a rehearing denied in January, 1915. The rule announced in that case was recognized and fully sustained in the case of In re Estate of Stone, 86 Okla. 33, 206 Pac. 246, in which case it is said in the opinion:

"The section of the statute, supra, has been fully applied by this court in the cases of In re Barnes' Estate, 47 Okla. 117, 147 Pac. 504, and Schafer v. Ballou 35 Okla. 169, 128 Pac. 498."

In the instant case, upon the death of the husband, the wife became the sole heir and absolute owner of the jointly acquired property by virtue of the plain provisions of the proviso of the second subdivision of section 11301, Comp. St. 1921. She could dispose of it by deed, bill of sale or by any other conveyance. It is only in the event that she should die intestate, leaving some of the community property undisposed of, that the property remaining undisposed of could be administered and distributed to the heirs entitled to the same under the statute. In this case, Adeline Louthan did not die intestate, but made disposition of her estate by her last will and testament. Such, we think is the rule of law announced in Black v. Haynes, supra, which rule has not been departed from in any subsequent decision of this court, and is therefore applicable to the facts of the instant case.

On the part of the interveners, who appear in this court by a cross-petition in error, it is first contended as in the brief of plaintiffs, that the case of Black v. Haynes, supra, is unsound, and that when the matter is correctly reasoned out, it should be determined by this court that whatever of the community property was in the name of Adeline Louthan at the time of her death, the one-half which belonged to H. E. Louthan in his lifetime should go to the interveners. In view of the conclusion already arrived at as to this proposition we deem it unnecessary further to consider the same, other than to say that the court holds in Black v. Haynes, supra, that property acquired by the joint industry of husband and wife during coverture can be disposed of by the wife by will during her lifetime, after the death of her husband, as was done in the instant case.

It is further contended by the interveners that a contract was made between H. E. Louthan and Adeline Louthan, his wife, whereby and under the terms of which Adeline Louthan agreed to execute a will or transfer property in favor of these interveners, and that while such contract was oral it was taken out of the statute of frauds by reason of the fact, as it is contended, that it was fully executed on behalf of H. E. Louthan, and that the defendants in error should not be allowed to take advantage of the failure of Adeline Louthan, the surviving wife, to perform her part of the contract. The evidence relied on to show a contract between the husband and wife is based upon the testimony of witnesses who went to the home of H. E. Louthan, the deceased, just prior to his death. Mr. Glover, president of the laundry company and associate of H. E. Louthan, testified as follows:

"A. Well, he talked about signing them (referring to the deeds and the assignment of the laundry stock) and he didn't—he said that he was perfectly willing that Mrs. Louthan have the property during her life but at the end of—that is, during her life, she should have the use of all the property and made no restrictions on what she should do with it during her life, but at the end he mentioned Frank Louthan's boys (interveners herein) and he made mention of the boys and the children—Frank Louthan's children. He brought that out in two ways. He brought it out as Frank's children, and then he mentioned particularly Frank's boys, and said that they would need help; that they would need education; and he wanted this property to go to Frank's children at her death."

He further testified that Adeline Louthan

said "she would carry out his wishes, was my understanding of it."

We have carefully examined the testimony of all the witnesses relative to the conversation had with H. E. Louthan, with reference to this matter, and we think the most that can be said of it is that Mr. Louthan requested his wife to remember the interveners, his nephews, and leave them some of the property at her death. It must be borne in mind that the property involved became, as a matter of law, the property of the surviving wife in the circumstances of this case, there being no issue, and the property having been accumulated by the joint industry of both, so it cannot be said that there was any consideration for the alleged promise of Adeline Louthan, the surviving wife, assuming that such an agreement was entered into, to will or transfer some of this property to the interveners. Contracts to make a will which are entered into in writing and contain a consideration are enforceable, but contracts, either oral or written, are not enforceable without a consideration. The fact that the husband made a deed and an assignment of his property to his wife to be placed in escrow and delivered to her in the event of his death, did not constitute a partial performance because the execution of those instruments left the jointly accumulated property in the same situation as it would have been at his death if no such instruments had been executed. The deed and assignment of stock could not take effect until the husband's death, at which time the law of descent and distribution, which gave the wife the whole of the jointly acquired property, would take effect.

The promisor, Mrs. Louthan, receiving no benefit from such a promise said to have been made, it was merely in the nature of a trust, and a trust cannot thus be created with reference to the disposal of real estate, but must be in writing. Trusts in land created by parol promises to convey are void. McGinnis, Gdn., v. Barton (Iowa) 33 N. W. 152.

In the first paragraph of the syllabus of the above case it is said:

"A deed was given in consideration of the grantee's promise to sell the premises and apply the proceeds to certain specified objects, no benefit accruing to the grantee. Held, that such an agreement, as raising a trust in the grantee, must be in writing under the statute of frauds."

Furthermore there being no consideration and the interveners having no claim upon the estate of H. E. Louthan, deceased, the promise of Mrs. Louthan, she being the sole heir of the property, to remember them at her death, was a mere promise to make a gift.

"A promise to make a gift lacks a consideration and is unenforceable." 13 C. J. 321.

As we understand the theory of the interveners, it is that Mrs. Louthan agreed to leave the property, or some part thereof, to the interveners in her will, and that she failed to comply with this promise. In such case the agreement becomes testamentary in character and comes clearly under the statute of frauds.

In the case of Crispin, Adm'x, v. Winkleman (Iowa) 10 N. W. 919, it is said:

"It is an established rule that intended disposition of property of a testamentary character and not to take effect in the testator's lifetime, is inoperative unless declared in writing in conformity with the statutory regulations regarding devises and bequests."

In the opinion, the court quotes from Perry on Trusts, section 92, as follows:

"We may safely assume, as an established rule, that if the intended disposition be of a testamentary character, and not to take effect in the testator's lifetime, such disposition is inoperative unless it be declared in writing in strict conformity with the statutory enactments regulating devises and bequests."

We conclude that the evidence disclosed by the record before us fails to show a valid and binding contract between H. E. Louthan, deceased, and his wife, Adeline Louthan, sufficient to require her, or obligate her, to transfer by will or otherwise the jointly acquired property involved herein, or any part thereof to the plaintiffs or interveners, and that under the law, upon the death of H. E. Louthan the title to the property involved in this cause became vested in the surviving wife, and that she had the right to transfer and dispose of the same without any conveyance to her from her husband in his lifetime, and that Adeline Louthan, the surviving wife, had a good title to the jointly acquired property, after the death of her husband, H. E. Louthan, regardless of the deed and the transfer of the stock made to her by her husband shortly prior to his death; and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. p. 844, § 78 (1926 Anno). (2) 27 C. J. p. 208, § 170. (3) C. J. p. 321, § 157; 12 R. C. L. p. 930, 4 R. C. L. Supp. 777. (4) 40 Cyc. pp. 1063, 1065; 28 R. C. L. p. 65, 5 R. C. L. Supp. 1510.