William Karge died testate, and without issue, being at the time of his death a resident of Woods county. He was survived by his widow, Marie Karge. His will was duly admitted to probate in Woods county. By his will he bequeathed his personal property and devised the home in Alva to his wife, and he devised the residue of his real estate to his wife so long as she should remain unmarried, and directed that upon her remarriage or death such residue be sold and out of the proceeds Anna Fischer and Martha Zangerle, now Baum, be each paid $2,000, and that the balance be paid to Heinrich Karge.
In due time Marie Karge filed in the probate cause her election to take under the law rather than under the will, asserting that all the property was acquired during coverture by the joint industry of herself and William Karge. Thereafter Marie Karge married Fritz Laug. The estate of William Karge was duly settled, and in the final decree the court found that all the property was acquired during coverture, and the entire estate was "transferred, vested, assigned, and conveyed to Marie Karge, his widow, in fee simple, forever, the said Marie Karge, now Laug, to have full power to sell, convey, alienate, spend and use as she may see fit." The court further decreed that in the event any of said real property shall remain after the death of Marie Karge the same should go one-half to the heirs of Marie Karge and the other half as directed in the will of William Karge. The estate was distributed to Marie Karge under said final decree.
Thereafter Marie Karge died testate, being at the time of her death a resident of Kansas, and her will was admitted to probate in Woods county as a foreign will. By her will she devised and bequeathed all her estate to her husband, Fritz Laug, subject to bequests of $5 each to three named persons, which have been paid.
The executors of the last will and testament of Marie Karge filed their final account, asking that the property be distributed as directed in her will. Heinrich Karge and Anna Fischer, two of the three beneficiaries named in the will of William Karge, filed objections to the final account, asking that the property left by William Karge be distributed, one-half to the devisees and legatees of William Karge and one-half to the devisees *Page 517 
and legatees of Marie Karge. The county court, entertaining the view that he was without jurisdiction to determine the matter, certified the question to the district court. No objections were made in the district court to such procedure. The district court entered judgment directing that all the property be distributed to Fritz Laug, and that the protestants take nothing. Protestants and Martha Zangerle appeal.
The appellants argue the case under four separate propositions, but they all revolve around the meaning of the proviso in the second subdivision of section 1617, O. S. 1931, 84 O.S.A. § 213, which is as follows:
"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."
The election by Marie Karge to take under the law was absolute, and the county court, by the decree in the estate of William Karge, intended to, and did, vest the property in Marie Karge under said proviso. The will being voidable at the election of Marie Karge, the same was rendered inoperative by her election to take under the law. Section 1539, O. S. 1931, 84 O.S.A. § 44; Hill v. Buckholts, 75 Okla. 196, 183 P. 42; York v. Trigg, 87 Okla. 214, 209 P. 417. All the property descended to her as intestate property under the limitations contained in section 1617. Detrich v. Detrich, 182 Okla. 429,78 P.2d 303. The whole estate vested in her. It was hers to dispose of as she saw fit. She had the right to dispose of it by will. Black v. Haynes, 45 Okla. 363, 145 P. 362; Louthan v. Johnson, 111 Okla. 170, 239 P. 173; Bingham v. Horn,123 Okla. 193, 252 P. 847. Her will disposed of all her property. There is nothing in her will indicating that she desired to except this particular property from the operation of her will as intimated in the appellants' brief. The limitations contained in the proviso did not come into play, since no property remained undisposed of by will. Black v. Haynes, supra. The quoted proviso prescribes a rule of descent and distribution, but not a rule of property. Where the survivor makes an election to take under the law, no interest vests in the heirs, devisees, or legatees of the first to die upon his or her death. In re Mary's Estate, 186 Okla. 126, 96 P.2d 526; McMahon v. Foley, 188 Okla. 552, 111 P.2d 1076.
Affirmed.
WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.