In re BLAYDES' ESTATE.

No. 33564. March 21, 1950.

216 P. 2d 277.

Jerome Sullivan, of Duncan, and Byron G. McCollough, of Houston, Tex., for plaintiffs in error.

L. A. Winans, of Duncan, Bailey & Hammerly, of Chickasha, and Brown & Cund, of Duncan, for defendants in error.

DAVISON, C.J.   This appeal involves the interpretation and application of section 44 of Title 84 O. S. 1941, known as the "forced heir statute."

J. A. Blaydes and Virgie E. Blaydes were husband and wife at the time of the death of Mr. Blaydes on November 18, 1944.   They had been such for more than 36 years having been married in 1908, each having one child by a former marriage.   No children were born of this union.   At the time of their marriage Mr. Blaydes owned a track of land comprising some 240 acres and Mrs. Blaydes owned a tract of 80 acres. Half of this latter piece of realty was sold and half retained.   In 1920, the part that was still owned by Mrs. Blaydes was leased for oil development for a bonus of $40,000 and thereafter some six or seven oil wells were drilled on it producing a very substantial income during subsequent years.

At the time of his death Mr. Blaydes' estate had a value of about $300,000 and the property owned by Mrs. Blaydes was worth approximately one-half that amount.   In April, 1937, Mr. Blaydes had a very severe heart attack confining him to his bed for three months and to his home another two months. About the middle of April, 1937, while in bed and unable to sit up, Mr. Blaydes had an attorney come to his home and discuss with him the making of the will involved in the instant case.   None of the conversations were had in Mrs. Blaydes' presence nor did she know of them.   These conferences culminated April 28, 1937, when, on said date, the attorney returned with a prepared contract dated April 26, and a conjoint

will dated April 28. The contract prepared for signature by Mr. and Mrs. Blaydes provided for testamentary disposition of the property of both in the identical manner as was provided in the conjoint will.

Mrs. Blaydes was called into the room and there, in their presence, the attorney read the contract and will to them, Mrs. Blaydes having no previous knowledge of them. Mr. Blaydes then told his wife to sign them and she did. Immediately after leaving the sick room, Mrs. Blaydes told the attorney that she had never been consulted about the will or contract and that she signed them solely because she feared that, if she refused, her husband would die. Mr. Blaydes did live seven years longer, having several subsequent heart attacks, the fatal one occurring November 17, 1944.

By the terms of the will, deceased devised to Mrs. Blaydes, in the main, a life estate in the homestead; a life estate in one piece of revenue producing real estate; and $5,000 in cash. The balance of his property he devised to his daughter, his grandchildren and his brothers and sisters. Mrs. Blaydes filed said will together with a petition for probate thereof in the county court of Stephens county, Oklahoma. Contained in the petition was the following paragraph:

"That said petitioner, Virgie E. Blaydes, refuses to take under the terms and provisions of said will and elects to take under the Statute of descent and distribution and intestate laws of the State of Oklahoma. She does not by the filing of this petition intend to waive her election to take under said Statute and said intestate Laws of Oklahoma."

Subsequently, and prior to the admission of the will to probate, by separate instrument, Mrs. Blaydes elected to take under the laws of intestate succession rather than under the will. On June 27, 1946, after the administration of the estate was complete, Mrs. Blaydes filed her final account and petition for distribution, wherein she again expressed her election to take under the law rather than under the will. Y. Jewell Allen, the daughter of said decedent, and the four grandchildren of said decedent filed their petition attacking Mrs. Blaydes' right to denounce the will and take under the law. To this petition, Mrs. Blaydes filed a response in the nature of a general denial.

A trial was had in the county court, resulting in a judgment in favor of Mrs. Blaydes, from which an appeal was taken to the district court upon questions of both law and fact. After a trial de novo, the district court affirmed the judgment of the county court and rendered judgment in harmony therewith. Y. Jewell Allen and her children filed motion for new trial which was overruled and this appeal was perfected.

Although presented under several propositions, the sole question here involved is the interpretation of 84 O.S. 1941 §44, as follows:

"Every estate in property may be disposed of by will; provided, however, that a will shall be subservient to any ante-nuptial marriage contract in writing; but no spouse shall bequeath . . . away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, however . . . that no person shall by will dispose of property which could not be by the testator alienated, encumbered or conveyed while living, except that the homestead may be devised by one spouse to the other."

and the effect thereon of the provisions of 32 O. S. 1941 §5, as follows:

"Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other as defined by the title on trusts."

The theory of plaintiffs in error is that, because of the provisions of the latter statute above quoted, a married woman may make an enforceable contract to make a conjoint will with her husband. That having done so and having executed, with her husband, a will in conformity with the provisions of the contract, she cannot thereafter elect to take otherwise than under the terms thereof. That in any event such contract and will constitute an election by her not to take under the statute and that such an election cannot be revoked after the death of her husband.

Due to peculiarities in statutory enactments in the various states, the decisions in other jurisdictions are of little value in the determination of the question here involved. Plaintiffs in error place much emphasis on the decision in the case of Prince v. Prince, 64 Wash. 552, 117 P. 255, but that case is not here applicable, nor are the other cases cited which were decided by the courts of other states.

The effect of the proviso contained in 84 O. S. 1941 § 44 has, in numerous cases, been discussed by this court but in the majority of them such discussion has been in connection with antenuptial contracts. In the case of Teel v. Harlan, 199 Okla. 268, 185 P. 2d 695, it was held that, if a husband and wife had entered into an oral antenuptial contract with reference to testamentary disposition of property, such contract was enforceable although not reduced to writing and executed by the parties until after marriage. Therein, the cases of Wheeler v. Wheeler, 167 Okla. 598, 32 P. 2d 305, and Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369, were cited to the effect that spouses may make agreements between themselves to set-tle property rights. It was not intended by that opinion to limit the application of the proviso in the statute other than as it is therein limited with relation to antenuptial contracts. There being no suggestion of any kind of an antenuptial contract in the instant case, the cited opinion is not applicable.

That an antenuptial contract precludes the right of a surviving spouse to elect whether to take under the will or under the law was held in the case of Talley v. Harris, 199 Okla. 47, 182 P. 2d 765. If a surviving spouse elects to take under the law instead of under the will, the will remains effective as to the remainder of testator's property, but the rights of devisees are subject to the surviving spouse's use and occupancy of homestead as a probate homestead. In re Carothers' Estate, 196 Okla. 640, 167 P. 2d 899.

"If the surviving spouse is to avoid the will of the deceased spouse and elect to take by succession, such election must be made in county court prior to final distribution and settlement of the estate, . . . " Odle v. Baskins, 190 Okla. 664, 126 P. 2d 276.

In the case of Fox v. Fox, 117 Okla. 46, 245 P. 641, the following words of the Nebraska court, Cobb v. McFarland, 87 Neb. 408, 127 N. W. 377, were quoted with approval:

" 'No general rule can be formulated defining what acts of acceptance or acquiescence shall be sufficient to constitute an election between a devise in a will and a right inconsistent with the will. There must be an intention to make an election, or some decisive act, that will prevent restoring the parties affected to the same situation as if such act had not been performed.' "

Acts of a surviving spouse which can constitute an implied election can only be those acts subsequent to the death of the deceased because until then what provisions will be contained in his will cannot be determined.

"A will is ambulatory during .the life of its maker and takes effect and speaks only from and after the death of its maker."

"In this jurisdiction a husband and wife may not dispose of or otherwise limit by will the amount which the surviving spouse shall receive to less than that which such spouse would be entitled to take under the law of succession." Dixon et al. v. Dixon et. al., 191 Okla. 139, 126 P. 2d 1020.

A surviving spouse has no actual interest in the property of her spouse until the death of the latter, and therefore has no existing right which she can dispose of by contract. Some courts hold that an election may be made prior to the death of the spouse but we think the sounder rule is that such cannot be done. To hold otherwise would be to say that the parties can do indirectly what the statute prohibits. In those states where, by statutory provision, an election may be made prior to the death of the testator, many conditions and safeguards against undue influence and duress are placed around the exercise of such right.

Any exception to the application of the proviso in our statute is a matter for legislative consideration and not for this court.

Having reached this conclusion, it is unnecessary to consider the question of undue influence and duress causing Mrs. Blaydes to sign the conjoint will. It is also unnecessary to consider her motion to dismiss this appeal.

The judgment is affirmed.

ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. WELCH, J., concurs in result.