Luther LONG et al., Plaintiffs In Error,

v.

Harry C. DRUMRIGHT, Defendant in Error.

No. 39328.

Supreme Court of Oklahoma.

June 12, 1962.

Rehearing Denied Sept. 18, 1962.

As Amended Sept. 24, 1962.

954

O. A. Brewer, Hugo, for plaintiffs in error.

Hal Welch, Hugo, for defendant in error.

JOHNSON, Justice.

Green Walker died testate, and the probate of his estate was closed by final decree of the County Court of Choctaw County on September 25, 1931. By the terms of his will he devised his 110 acre homestead to his widow for life with remainder to "children of my daughter, Clarissa Drumright, if living at the time of the death of my said wife."

The widow elected to renounce the will and take under the statute. In the final

decree of the probate court it is ineptly stated that the will is "void as to her." The decree then provides that she shall have a probate homestead during her life and also vests an undivided ⅙ interest in fee, she being a second wife and taking a child's share. There was no attempted vesting of the remainder interest, it being obvious that the court could not determine the surviving children of Clarissa Drumright until after the widow's death.

The estate of Green Walker was closed with this decree in 1931. The widow of Green Walker died thereafter in June, 1956.

On November 1, 1957, Harry C. Drumright, the sole surviving child of Clarissa Drumright, hereafter referred to as plaintiff, commenced this action in the District Court of Choctaw County to quiet title to an undivided ⅚ interest in the 110 acre tract above mentioned, to determine heirship, ownership of all interest therein and for partition of said tract. All of the heirs and devisees of Green Walker, and the heirs of the widow and their grantees, were made parties defendant.

To the petition herein, the various defendants filed answers. The one-sixth interest owned by Green Walker's widow is not in controversy here. The answers and cross-petitions filed claim that the title to the ⅚ interest descended under the final decree to the heirs of Green Walker.

Upon trial of the case the court entered judgment for the plaintiff determining him to be the owner of the ⅚ interest. From this judgment the defendants appeal.

This appeal presents three questions for our determination. 1. What was the legal effect of the election of the widow to take under the statute rather than the will of Green Walker? 2. What was the legal effect of the final decree of 1931? 3. Did the District Court have jurisdiction to entertain this suit, or was the jurisdiction of the county court exclusive?

As to the first question, the statute 84 O.S. 1951 § 44 relating thereto has been construed many times by this court. In the body of the opinion in In re Carothers' Estate, 196 Okl. 640, 167 P.2d 899, the court said:

"The action of the court in permitting the widow to make an election to take under the laws of succession and distributing the remainder of the property under the terms of the will was therefore correct."

In Appeal of Sims' Estate, 162 Okl. 35, 18 P.2d 1077, this court said:

"When she elected to take under the law, she thereby renounced her right to take under the will, and the devise and bequest to her in the will lapsed. *Otherwise the provisions of the will remained in force and effect.*" (Emphasis supplied.)

In Dixon v. Dixon, 191 Okl. 139, 126 P.2d 1020, we said:

"Where a surviving spouse elects to take under the law, the will, although *valid and subsisting as to all others,* is invalid and non-existent as to such spouse." (Emphasis supplied.)

Again this court said in In re Blaydes' Estate, 202 Okl. 558, 216 P.2d 277:

"If a surviving spouse elects to take under the law instead of under the will, the will remains effective as to the remainder of testator's property * *."

■ . We are therefore committed to the rule that an election by the widow to take under the statute rather than the will does not invalidate the will in its entirety, but its provisions shall be carried out as far as possible in the distribution of the remaining property. We so hold.

As to the second question above posed, it is necessary to examine the pertinent portions of the final decree. They read as follows:

"And it further appearing that the said deceased died testate, and the residue of the said estate consists of the following described estate, to-wit: The E½ of the NW¼ and the NW¼ of the SW¼ of the SW¼ of Section 36,

Township 5 South, Range 15 East in Choctaw County, Oklahoma, and it further appearing to the court that after the payment of the executor's fees of $180.00 and the sum of $15.00 the last monthly allowance to the widow for her support and maintenance, and the payment of $46.10 being the total amount of court costs, that the said executor has in his hands the sum of $91.83 in cash to be distributed.

"And the matter of the petition and claim of the said widow now being considered by the court, the court finds that the will of the said Green Walker, which was duly probated in this court is void as to the said widow, and that she takes under the law as an heir and is entitled by the law of Wills and Succession to an undivided one-sixth interest as to all of the property of the estate of every kind and character, and that the names of the other heirs that are entitled to share equally with the said widow Ocie Burris, formerly Walker, are as follows: William Walker, a son of the decedent Green Walker, a son Tiffinnie. Sauls, a daughter, and Clarissa Drumright, a daughter, each of the above named including the said Ocie Burrus, nee Walker, are entitled to a one-sixth interest in all of the property belonging to the said estate and that Julius Walker, Martha Walker and Sam Walker, being sons and daughter and Martin Walker, deceased, who was a son of Green Walker, are entitled to a one-eighteenth each of his property of the estate; and distribution is hereby made in conformity to this decree.

"It is further ordered, adjudged and decreed by this court that the above described shares of the estate of Green Walker, deceased, so as aforesaid set out be and the same are hereby transferred, vested, assigned and conveyed to the said heirs as hereinbefore stated, that is to say an undivided one-sixth

interest each to William Walker, Green Walker, Jr., Tiffinnie Sauls, Clarissa Drumright and Ocie Burrus, nee Walker, and a one-eighteenth interest to Julius Walker and Sam Walker and Martha Walker.

"It is further ordered, adjudged and decreed by the court that the marital homestead of the said decedent Green Walker, and Ocie Walker Burruss, described as follows, to-wit:

The SE4 of SE4 of Section 22, and The SW4 of the SW4 of Section 23, and

The W½ of the SE4 of the SW4 of Section 23, and

The NE4 of the NE4 of the NE4 of Section 27, all in Township 5 South, Range 15 East in Choctaw County, Oklahoma,

having heretofore been set apart and set aside to the said widow Ocie Walker Burrus, for her use and benefit during her natural life, is now by this decree set apart to her for her use and benefit during her natural life as the wife and widow of the said deceased Green Walker.

"That the said parties herein named as the distributees shall have and hold the same, together with all and singular the hereditaments and appurtenances thereunto belonging or otherwise appertaining of the above named parties, their heirs and assigns forever.

T. W. HUNTER,
County Judge."

We consider the interpretation of this instrument to be doubtful. The very first portion of the quoted part reads:

" * * * the residue of said estate consists of the following described estate, to-wit * * *"

It then makes no mention of the 110 acre tract involved here. There is no reference to this particular tract until the next to the last paragraph. This paragraph makes no

mention of a disposition of the remainder interest which followed the termination of the widow's life estate.

█ When the construction to be applied on a judgment or decree is doubtful, this court has said in the first paragraph of the syllabus in Filtsch v. Sipe, 198 Okl. 356, 178 P.2d 612:

"In construing a judgment that is obscure or ambiguous, it is proper to consider the pleadings, verdict, or findings, and the entire record, in light of the applicable statutes."

Much of our probate code has come to us from California, and the Supreme Court of that state has said in In re Goldberg's Estate, 10 Cal.2d 709, 76 P.2d 508:

" * * * However, should the language of such a decree appear to be 'uncertain, vague or ambiguous,' it is subject to judicial explanation or interpretation, and in such circumstances, the will itself may be used to establish the true meaning and intent of the decree. * * *"

In Fraser v. Carman-Ryles et al., 8 Cal.2d 143, 64 P.2d 397, the court said in the opinion:

" * * * There is, therefore, an ambiguity or inconsistency upon the face of the decree. In this situation resort may be had to the will for the purpose of resolving the conflict and interpreting the decree. * * *"

Again in In re Ewer's Will, 177 Cal. 660, 171 P. 683, the court said in the body of the opinion:

"The rule that the decree of distribution prevails over the provisions of the will where the two are in conflict is one of necessity. It should not be applied in cases where the necessity does not exist, and if reasonably possible the decree should be construed so as to be consistent with the will, and so as to incorporate the will into it as a part of its directions, rather than to give it a meaning which conflicts with the provisions of the will. * * *"

██ The effect of these decisions and that of our own court is that the final decree if vague or uncertain should be construed to carry out the provisions of the will and conform to the law. We cannot conceive of a probate court of this state deliberately distributing property to those to whom it did not belong. It was impossible for the living children of Clarissa Drumright at the time of the termination of the life estate to be determined until the death of the widow. We therefore hold that such final decree did not distribute the remainder interest following the life estate of the widow.

In answer to question number 3, supra, we find that in the case of In the Matter of the Estate of He-ah-to-me, Okl., 325 P.2d 746, it was determined that a probate proceeding may be reopened and an administration de bonis non be had in the same proceeding for the distribution of an unadministered portion of a decedent's estate, but nowhere in the opinion does it hold that such method is exclusive.

84 O.S.1951 § 257, confers jurisdiction upon the District Court "Where any person * * * dies having devised * * * any real property in this State, it terms to * * persons by any other description * * * which leaves at large the * * * individual identity of the particular person embraced therein, and the period of three or more years since the death of such * * * testator has elapsed without there having been a decree by the county court of the county having jurisdiction to administer upon his estate, wherein it was judicially determined who, by name, are or were all the particular persons entitled to participate in the distribution of such real property * *."

Section 256 of the same title provides that the determination of the heirs shall not be exclusive but shall be in addition to the method provided by law.

█ We therefore hold that the jurisdiction of the district court, after three years from the death of the testator, is concurrent with the county court when the probate has been closed. The applicant may proceed

under Sec. 257, supra, or proceedings for a de bonis non administration in the original probate proceedings may be had.

The three questions hereinabove outlined having been answered as set out, the judgment of the trial court is affirmed.

WELCH, DAVISON, JACKSON and BERRY, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and IRWIN, J., concur in result.

HALLEY, J., dissents.