Helen LITTLE and Hazel Riffe, Plaintiffs in Error,

v.

Fred CUNNINGHAM, individually and as executor of the last Will and testament of Emma L. Bradfield, deceased, et al., Defendants in Error,

The First Methodist Church of Hobart, Oklahoma, and The Oklahoma Methodist Home, Tahlequah, Oklahoma, also known as the Methodist Orphans Home, and The Southwest Oklahoma Girl Scout Council, Hobart, Oklahoma, Southwest Area, also known as the Girl Scouts of America, Hobart, Oklahoma, Intervenors.

No. 40271.

Supreme Court of Oklahoma.

March 26, 1963.

Rehearing Denied April 30, 1963.

Wheeler, Parsons, Wheeler, Hampton & Kessler, Oklahoma City, for plaintiffs in error.

Fred Cunningham Hobart, pro se, and executor of the last will, testament and estate of Emma L. Bradfield, deceased, and others.

Tolbert & Gillespie, Hobart, for First Methodist Church of Hobart and others, intervenors.

Max Carder, Hobart, for Girl Scouts of America, intervenor.

DAVISON, Justice.

This is an appeal by Helen Little and Hazel Riffe (plaintiffs below) from an order and judgment of the lower court sustaining

the demurrer of Fred Cunningham, individually and as executor of the estate of Emma L. Bradfield, deceased, and other parties (defendants and intervenors below) to plaintiffs' petition.

The action was instituted on May 28, 1962, in the district court of Kiowa County. The plaintiffs, as heirs of A. F. Bradfield, sought to establish their interest in real and personal property by virtue of the alleged contractual provisions of the conjoint will of A. F. Bradfield and Emma L. Bradfield (husband and wife) and to exclude the defendants and intervenors as beneficiaries under the later will of Emma L. Bradfield from any interest in such property. Plaintiffs' petition alleged that A. F. and Emma had, during their married life and by their joint industry, acquired considerable property and that neither had any children or issue, and had no living father or mother; that on November 12, 1956, they executed a conjoint will reciting that all their property, regardless of who held title, was jointly acquired and was their joint property, and whereby each devised to the person surviving all of the property of the person dying first, and the survivor to take the entire estate with power to use, sell, mortgage, lease, manage or dispose of same and make gifts of money or property, exchange or purchase other property, during the survivor's lifetime, and further providing:

"* * * but, upon the death of such survivor, the property of the estate still remaining of which the survivor died seized, including all of the separate property of the survivor, shall be divided and descend equally to the heirs at law of A. F. Bradfield and the heirs at law of Emma L. Bradfield, according to the laws of descent and distribution of the State of Oklahoma.

"It is further declared to be the intention of both parties hereto that this joint will shall be irrevocable except by the written consent of both parties during their lifetimes, and absolutely irrevocable after the death of either party, and this paragraph is hereby declared to be contractual."

The petition further alleged that A. F. Bradfield died and the probate of the will and estate resulted in a final decree (attached to petition) on September 29, 1961, finding that the property was acquired by the joint industry of A. F. and Emma and that Emma renounced and refused to take under the will and elected to take under the statute of descent and distribution and intestate laws and that Emma never read the will or knew the contents thereof at the time of its execution, and decreed that the property of the estate be vested in Emma in fee simple. It was further alleged that Emma was without power to revoke the conjoint will and that Emma became a trustee of the property for the collateral heirs; that Emma died on March 11, 1962, and her will of March 8, 1962, was presented for probate and Fred Cunningham was appointed executor and that the other defendants are claimants of the property in her estate. Plaintiffs allege that the decree rendered in the estate of A. F. Bradfield is void for the reason that the county court was without jurisdiction to vest the title of the property in Emma contrary to the terms of the conjoint will.

The Girl Scouts of America of Hobart, Oklahoma; First Methodist Church of Hobart and The Oklahoma Methodist Home of Tahlequah, Oklahoma, intervened. These parties and the defendants demurred to the petition on several grounds, including failure of the petition to state a cause of action. As stated the demurrers were sustained and plaintiffs have appealed.

Plaintiffs contend that the conjoint will of A. F. Bradfield and Emma Bradfield constituted a binding and irrevocable contract between these parties and that Emma had no right or power to elect to take as an heir under the statute of succession.

Assuming that the conjoint will was a contract, the question is whether Emma still had the right, under the law, to elect to take under the statute of succession. It is admitted that the property was acquired

by the joint industry of A. F. and Emma during coverture and that these parties had no issue. Under these circumstances and the law of intestate succession as set forth in Subd. 2 of 84 O.S.1961, Sec. 213, the whole estate would go to Emma, as survivor, and at her death the property remaining would go one-half to the heirs of her deceased husband and one-half to her heirs. This is the minimum interest that Emma, as surviving spouse, was entitled to receive and it may not be reduced by the will of her spouse. Title 84 O.S.1961 § 44, provides in pertinent part as follows:

"Every estate in property may be disposed of by will; provided however, that a will shall be subservient to any antenuptial marriage contract in writing; but no spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; * * *"

■ The fact that the conjoint will may be made pursuant to a contract of the parties did not affect the right of Emma to receive what she was entitled to receive under the law of intestate succession. In In re Blaydes' Estate, 202 Okl. 558, 216 P.2d 277, we stated:

"In this jurisdiction a husband and wife may not dispose of or otherwise limit by will the amount which the surviving spouse shall receive to less than that which such spouse would be entitled to take under the law of intestate succession.

"A husband and wife cannot, by contract to make a conjoint will, and by the making of such will in pursuance thereto, nullify the provisions of 84 O.S.1941, § 44 known as the 'forced heir statute.'"

■ In the case of In re Blaydes' Estate, supra, we further stated in the body of the opinion (page 561, 216 P.2d at page 280) as follows:

"A surviving spouse has no actual interest in the property of her spouse

until the death of the latter, and therefore has no existing right which she can dispose of by contract. Some courts hold that an election may be made prior to the death of the spouse but we think the sounder rule is that such cannot be done. To hold otherwise would be to say that the parties can do indirectly what the statute prohibits. In those states where by statutory provision, an election may be made prior to the death of the testator, many conditions and safeguards against undue influence and duress are placed around the exercise of such right.

"Any exception to the application of the proviso in our statute is a matter for legislative consideration and not for this court."

■ Any contention that the interest or estate given to Emma by the conjoint will was the equivalent of that which she would receive under the law of intestate succession (Subd. 2 of 84 O.S.1961 § 213, supra) is without foundation. The conjoint will gave to Emma a limited estate in the property which was in effect a life estate with extensive powers of management, control and disposition, but it did not give to her the whole estate, because it limited her to a life estate but with right of disposal of the property during her lifetime. This was a lessor interest than she was entitled to receive under the statutory law of intestate succession. Our statute (Subd. 2, Sec. 213, supra) states that under the present circumstances "the whole estate shall go to the survivor." This court held in Black v. Haynes, 45 Okl. 363, 145 P. 362, that the alienation of jointly acquired property which descends to a surviving spouse should not be subject to any other limitations than those applicable to property otherwise inherited and that the surviving wife was not precluded from disposing of such property by her will. See also In re Laug's Estate, 189 Okl. 516, 118 P.2d 228, and Lyons v. Luster, Okl., 359 P.2d 567, 572.

■ It is our conclusion under these authorities that Emma had the right to re-

148

nounce the will and elect to take under the law of intestate succession and was privileged to dispose of the property by her will. Plaintiffs rely on Cook v. Hahn, 198 Okl. 364, 178 P.2d 894. That decision is not in point because there the surviving maker of the conjoint will presented the will for probate, served as executor and accepted the benefits thereof which were much in excess of what he would have received under the law of intestate succession.

In view of our conclusions, as set forth herein, it is not necessary to pass upon the other matters urged in plaintiffs' briefs.

Affirmed.

HALLEY, V. C. J., and WELCH, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

BLACKBIRD, C. J., and IRWIN and BERRY, JJ., dissent.