Lillian SIMMONS and Lessye Patterson, Co-Executrices of the Estate of Laura Alexander Richards, Deceased, Plaintiffs in Error,

v.

Clark RICHARDS, Loraine Ellis, J. C. (Georgia) Ferrell, Marie J. Partridge, Buford A. Hawes, J. T. Hawes, S. A. Hawes, Travis, Hawes, W. S. Hawes and Lora Hawes, Defendants in Error.

No. 41113.

Supreme Court of Oklahoma.

May 7, 1968.

Ben D. Chapman, L. O. Todd, Frank Robert Hickman, Harvey C. Carpenter, Tulsa, for plaintiffs in error.

Thomas A. Landrith, Jr., Tulsa, and Luna & Vaughn, Dallas, Tex., for defendants in error.

DAVISON, Justice.

Lillian Simmons and Lessye Patterson, Co-Executrices of the Estate of Laura Alexander Richards, deceased (defendants below), appeal from a judgment in favor of Clark Richards, et al. (plaintiffs below). The judgment found and decreed that the mutual and conjoint will of Arthur Lee Richards and Laura Alexander Richards, husband and wife, was made pursuant to agreement between them, that under the terms of such agreement and will the parties agreed to make disposition of their estate as therein provided, that the agreement was irrevocable, and directed that the estate be distributed according to such will and not in accordance with a later will made by Laura Alexander Richards after her husband's death. The above testators will be referred to as "Arthur" and "Laura."

The assets of the estate consist of a residential property, which had been occupied as the homestead, and the household furnishings. Arthur and Laura held title to the real estate as joint tenants with rights of survivorship. On July 2, 1954, after a number of conferences with their attorney, they made their "joint and mutual will, based upon adequate and satisfactory consideration," reciting their parents were dead and that they had no children and no children of any deceased child; that all their property and estate was accumulated by their joint efforts and industry during coverture; and wherein each devised and bequeathed to the survivor all of their estate and property without restriction or limitation. The will further provided that upon the death of the survivor the estate remaining, except for several minor personal property bequests, should be divided into two equal parts, and devised one of such parts to Lessye Patterson and Lillian Simmons (sisters of Laura) or if dead then to their issue, and devised the other part to Arthur's six brothers and sisters, or their issue, if deceased, to-wit: George E. Richards, deceased; Aaron Albert Richards, deceased; Bufford Waller Richards, deceased; Sarah Alice Hawes, deceased; Arvin Coffey Richards and Bettie Richards Wood.

Arthur died September 5, 1954. No proceedings were ever filed to probate the above will. In 1955 a statutory proceeding was had in the County Court whereby the death of Arthur was judicially determined and the joint tenancy in the real estate was terminated and the entire title vested in Laura.

On May 20, 1959, Laura made a will revoking all prior wills, and in which, after making bequests of some household furnishings and personal articles, she devised the residue of her property to her sisters, Lillian Simmons and Lessye Patterson, each three twelfths; to her brother-in-law, Arvin C. Richards, four twelfths; and to her sister-in-law, Bettie Wood, two twelfths; and directing the appointment of her two sisters as co-executrices. Laura died in 1963 and the above will was presented and admitted to probate.

The plaintiffs Clark Richards, et al., are the issue of Arthur's brothers and sister who were named as beneficiaries in the first will but were omitted from the last will. Their action sought to enforce the first will as a binding contractual obligation of Laura and the trial court rendered judgment in their favor on the grounds above stated.

The contention of the appellants may be collectively stated in the proposition that the judgment of the lower court is contrary to the law and evidence.

The property that is the subject of the present dispute was admittedly acquired by the joint industry of Arthur and Laura, husband and wife, during coverture, and there was no issue of their marriage. In this situation under the law of intestate succession 84 O.S.1961, § 213, 2nd subd., "the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife according to the right of representation."

In Little v. Cunningham, Okl., 381 P.2d 144, we held as follows:

"The alienation of jointly acquired property which descends to a surviving spouse is not subject to any other limitations than those applicable to property otherwise inherited and the surviving wife was not precluded from disposing of such property by her will."

Under this statute and authority, and in the absence of any will, Laura would have inherited the whole estate in the jointly acquired property with power to dispose of it during her lifetime and with the power to dispose of the property by her will. The will of Arthur and Laura, if valid and binding, prevented her from making disposition of the property by her will. See our discussion in the Little case, supra, regarding the estate acquired by the surviving spouse under similar circumstances.

Our "forced heir statute," 84 O.S.1961, § 44, provides in part that "Every estate in property may be disposed of by will; * * but no spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law."

Under the conjoint will Laura would receive less than she would be entitled to take under the law of intestate succession. In the Little case, supra, this court further stated:

"In this jurisdiction a husband and wife may not dispose of or otherwise limit by will the amount which the surviving spouse shall receive to less than that which such spouse would be entitled to take under the law of intestate succession."

The trial court held that the will of Arthur and Laura was contractual and irrevocable. This conclusion, even if correct, does not avoid the provisions of 84 O.S. 1961, § 44. In the Little case we also held as follows:

"A husband and wife cannot, by contract to make a conjoint will, and by the making of such will in pursuance thereto, nullify the provisions of 84 O.S.1961, § 44, known as the 'forced heir statute.'"

It is our conclusion that the will of Arthur and Laura violates the above statute and authorities and that Laura could elect whether or not she wished to take under the will.

This presents the proposition of whether the circumstances show Laura elected to take under the will.

We have heretofore narrated the pertinent conduct and acts of Laura after the death of Arthur. She did not present their joint will for probate; she prosecuted a proceeding in the County Court under 58 O.S.1961, § 911, for a judicial determination of the death of Arthur and the termination of the joint tenancy she had with Arthur and thereby vest the entire title in her; and she later made a will in which she revoked all prior wills. There was no evidence of any oral statements of Laura that would re-

flect an election either for or against the will. There is nothing in these facts that shows an election by Laura to take under the will.

In Stinson v. Sherman, Okl., 405 P.2d 172, the wife's will left her entire estate to her daughter with the statement that such disposition had her husband's full knowledge and approval. The husband died 35 days after the wife's death without offering the will for probate and with no election by the husband as to how he would take. We said that the provision of 84 O.S. 1961, § 44, supra, was a limitation upon the power of a married person to dispose of his or her property by will and held the husband was entitled to receive from his wife's estate not less than he would receive through succession of law.

In Lyons v. Luster, Okl., 359 P.2d 567, we were presented with a situation involving a joint will in which we held the surviving wife was not contractually bound by the will; that under the provisions of 84 O.S.1961, § 52, she could revoke the joint will in like manner with any other will; and that (p. 571) the joint will was revoked by her later will in which she revoked prior wills.

We have held herein that Laura was not bound by the joint will and that she had the right to exercise an election. It is obvious that her later will in which she revoked the prior joint will was an election not to take under the joint will. Thereupon she acquired the whole estate by intestate succession with the power to dispose of the same by her will.

It is our conclusion that the judgment is contrary to law and against the clear weight of the evidence.

The judgment is reversed with directions to render judgment for the defendants.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs by reason of stare decisis.