In the Matter of the ESTATE of Ralph E. DAWSON, Deceased.

No. 49628.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 30, 1976.

Rehearing Denied Jan. 4, 1977.

Released for Publication by Order of Court of Appeals Jan. 27, 1977.

stead. The homestead was allotted to Ralph Dawson by the Cherokee Nation prior to his marriage to Pearl Dawson in 1929. Although Pearl Dawson had two sons by a previous marriage, Watie B. Pettit and John L. Pettit, no children were born of this marriage.

Because of advancing age, Pearl Dawson was admitted to Eastern State Hospital as an incompetent in 1970, and remained there until her demise in January 1975. However, she outlived her husband Ralph, since he passed away in June of 1971.

Mr. Dawson executed a last will and testament, amended by codicil, disposing of his estate. The dispositive provisions of the will directed that his father Bert Dawson was to receive $1,000; his step-mother $200; his wife Pearl Dawson was to receive one-half of the residue; and his two sisters, Iva Cloyd and Madge Fancher, were to divide equally the remaining one-half of the residuary estate.

The provision for the wife of one-half of the residue was less than that provided for her under the laws of succession, inasmuch as the deceased had no issue. Therefore the guardian of the incompetent wife appeared and renounced the provisions of the will and elected to take under the law of succession as provided for in 84 O.S.1971, § 44. The provision of the law of intestate succession applied by the court to the election of the wife was 84 O.S.1971, § 213 Second. In pertinent part it provides:

"If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one half to the decedent's father or mother . . Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue the whole estate shall go to the survivor, at whose death, if any of the said property remain, one half of such property shall go to the heirs of the husband and one half to the heirs of the wife . . . ."

Applying 84 O.S.1971, § 213 Second, and 58 O.S.1971, § 311 to the estate of Ralph

Bassmann, Gordon, Mayberry & Scarth by Jack E. Gordon, Claremore, for appellant Iva B. Cloyd.

Kight & Sibley by G. Waide Sibley, Claremore, for appellee Watie Pettit, Administrator of Estate of Pearl Dawson.

REYNOLDS, Presiding Judge:

This is an appeal from an order for final settlement, distribution and determination of the heirs of Ralph Dawson, deceased.

All of the property acquired by Mr. Dawson was accumulated during his marriage to Pearl Dawson, except their 80 acre home-

Dawson, the court held that the homestead (the only separate property of the deceased) passed to the surviving widow and was not subject to administration. The remaining assets were distributed to the estate of Pearl Dawson now deceased "and of that part remaining, the same *to be* distributed *therein*, ½ to the heirs of Ralph Dawson and ½ to the estate of Pearl Dawson." (Emphasis added.)

Iva Cloyd, a devisee under the last will of the deceased, appeals this decision of the court. Her objection to the ruling of the court in this proceeding is that the court did not take notice of the fact of the surviving wife's demise and thereupon finally dispose of the assets of the deceased couple, but instead passed title to the jointly acquired property to the estate of the deceased wife. Secondly the appellant argues that the court incorrectly assigned the 80 acre homestead to the estate of the wife inasmuch as 84 O.S.1971, § 213 provides one-half to go to the heirs of the husband.

Insofar as the order of the court decrees that all of the homestead, separately acquired, passes to the estate of the wife, the order of the court must be reversed. 58 O.S.1971, § 311 provides in part:

".   .   .   The title to the   .   .   . homestead property shall pass, subject to the right of homestead, the same as other property of the decedent and shall be included in the decree of distribution."

In *Wood v. Biggs*, 424 P.2d 59 (Okl.1967), the court noted that:

".   .   .   This is a personal and individual right of the surviving spouse to continue to *occupy* the homestead, and is not an interest in the testator's property, .   .   .." (Emphasis added.)

Title 58 O.S.1971, § 311 providing that "title to the   .   .   .   homestead property shall pass   .   .   .   the same as other property of the decedent, and shall be included in the decree of distribution" mandates that the court must make a distribution of the title to the separate homestead property in this proceeding. Under the widow's election her estate is entitled to a one-half interest in such separate property.

The remainder of the separate property passes under the will of the decedent in accord with the mandate of the preface to 84 O.S.1971, § 213 providing:

"When any person having title to any estate not otherwise limited by marriage contract, dies *without disposing* of the *estate by will*, it descends and must be distributed in the following manner: .   .   .   ." (Emphasis added.)

The fact that the widow chose to refuse her rights under the will has no effect on the validity of the will other than to invalidate those clauses and bequests to her. The remaining provisions are operative, and what property remains in the decedent's estate after the law of succession is applied to the widow's share is correctly distributed under the terms of the will. *Long v. Drumright*, 375 P.2d 953 (Okl.1962); *In re Carother's Estate*, 196 Okl. 640, 167 P.2d 899 (1946); *In Appeal of Sim's Estate*, 162 Okl. 35, 18 P.2d 1077 (1933).

Insofar as the order of the court declines presently to distribute from the estate of Ralph Dawson a one-half interest in the 80 acre tract of separate property in accord with the will of the deceased, said order is reversed with directions to enter an order complying with this paragraph.

The contention of the appellant that the court, in the probate of Ralph Dawson, should distribute the remaining assets of the estate of Pearl Dawson in accord with the last part of the proviso of 84 O.S.1971, § 213 Second, is based on the considerations of conservation of the assets of the deceased couple by avoiding two probate proceedings and judicial economy. The appellant argues that the surviving spouse is now deceased and property remains which must be distributed in accord with 84 O.S.1971, § 213 Second to the same individuals whether that distribution is made from the estate of one spouse or the other. The part of 84 O.S.1971, § 213 Second now pertinent provides:

".   .   .   [T]he whole estate shall go to the survivor, at whose death, if any of the said property remain, one half of such property shall go to the heirs of the hus-

band and one half to the heirs of the wife."

■■ Appellant's argument that the assets should not be subject to two probate proceedings does not recognize the existence of a method to consolidate these probate proceedings. Such a method is outlined in 58 O.S.1971, § 714 entitled Joinder of Proceedings Relating to Different Estates, but it has not been taken advantage of in this case. We must disapprove of the appellant's attempt to circumvent the second probate for two reasons. 58 O.S. 1971, § 715 provides that where probate proceedings are consolidated:

". . . [T]he proceedings shall set out or disclose all facts as to each separate estate that would be required if such proceedings were separately conducted."

The necessity of 58 O.S.1971, § 715 is confirmed by our second ground for refusing to order the court to dispose of the "remaining assets." Additionally, creditors and other potentially interested parties must be given the procedural process due them under Oklahoma probate law. No indication appears in the record that would confirm or deny the existence of a will made prior to the deceased wife's incompetency. A testamentary disposition by her of all assets will defeat the expectant right of the devisees and legatees of the husband to share in those assets. *Payne's Heirs v. Seay*, 478 P.2d 889 (Okl.1970). See also *Black v. Haynes*, 45 Okl. 363, 145 P. 362 (1915). The court correctly held that the jointly acquired assets of the parties must be transferred to the estate of Pearl Dawson for distribution therein.

AFFIRMED IN PART; REVERSED IN PART PER DIRECTIONS CONTAINED HEREIN.

BOX and ROMANG, JJ., concur.