W. G. STEINERT, Plaintiff in Error,

v.

J. C. RUPPENTHAL et al., Defendants in Error.

No. 42172.

Court of Appeals of Oklahoma, Division No. 31.

Jan. 13, 1970.

Crowley & Crowley, Enid, for plaintiff in error.

McKnight, Gasaway & McKnight, Enid, for Margaret C. Ruppenthal, Executrix of the Estate of J. C. Ruppenthal, and another.

Field & North, Enid, for Josephine Lucile Zinser, and others, defendants in error.

LAVENDER, Presiding Justice.

This appeal involves the judgment of the District Court of Garfield County, Oklahoma, in an action in which the plain-

tiff in error herein, W. G. Steinert, asked the court to establish, and quiet his title to all of the Northeast Quarter of Section 19, Township 20 North, Range 3 West of the Indian Meridian, in that county, including all oil, gas and other minerals therein and thereunder.

The land was originally granted by the United States of America to one Christ Kretzinger, by patent dated April 15, 1913. Christ Kretzinger died on July 29, 1921, while a resident of Logan County, Oklahoma, survived by his wife, Anna Kretzinger, and all six of their children. The widow, Anna Kretzinger, and one of the six children, Anna Allen, died prior to 1941. The other five children, fourteen children of various children of Christ Kretzinger, six persons who were claiming interests in the oil, gas and other minerals in and under this land under the fourteen grandchildren of Christ Kretzinger, and the surviving husband of Anna Allen, deceased, were named as defendants in the action, along with the unknown heirs (etc.) of Christ Kretzinger, deceased, Anna Kretzinger, deceased, and Anna Allen, deceased. However, since the trial court sustained the plaintiff's claim against all of defendants except the fourteen grandchildren of Christ Kretzinger and their six grantees and sustained their claim to all of the oil, gas and other minerals in and under the land, it appears that the fourteen grandchildren of Christ Kretzinger, and their six grantees, are the only real defendants in error herein. And, since those grandchildren support the claims of their six grantees, along with their own, we shall, for convenience, treat the situation as though the grandchildren had made no conveyances.

The plaintiff claimed his title through Charles Kretzinger (sometimes referred to as Charley Kretzinger or Charlie Kretzinger) and Herman Kretzinger, sons of Christ Kretzinger, as devisees under the last well and testament of Christ Kretzinger, deceased, and the order of distribution of his estate as made by the County Court of Logan County, Oklahoma, under date of March 21, 1925.

With respect to this particular tract of land (which, apparently, was the only real property in Garfield County which was owned by Christ Kretzinger at the time of his death), the order of distribution of the County Court of Logan County, Oklahoma, as evidenced by its final decree of March 21, 1925, is as follows:

"It is therefore considered, ordered, adjudged and decreed by the court, that the real estate in the County of Garfield, State of Oklahoma, described as follows:

The Northeast Quarter (¼) of Section Nineteen (19) in Township Twenty (20) North, Range Three (3) West of the Indian Meridian.

vest in the said Herman Kretzinger and Charles Kretzinger, to be divided equally between them. (Provided, however, that in the event oil is discovered, the oil interest is to vest in the grand-children, born or unborn, *as provided by said last will and testament.*)"

For reasons which will appear later on in this opinion, we set forth all of the provisions of the last will and testament of Christ Kretzinger, which was a holographic will:

"Guthrie, May 18, 1920. Under today's date it is my duty that I make this testament, and more plainer and careful, know that I and my wife later when we will not be on this earth, my children between each other in strife may not enter.

"1st. I have one son, George, at present in Ponca City, living. This one has already had $600.00.

"2nd. I have on my farm in Garfield County one daughter, Anna, residing. She, too, has already $600.00.

"3rd. Have I another two sons, Herman and Charley. They become each one 80 acres from the farm.

"4th. Have I another son in Portland, Oregon, by the name of Willie. This one has not got anything.

"At present I have a house and three lots in Guthrie that belongs to me and my wife, and, should I die first, then it belongs to my wife, and should it be sold, then she still has a home on the farm until her death.

"Next shall they divide according to their best judgment, then if once oil is found on my farm, then shall the children divide it. George has three, Anna two and Willie one.

"Herman and Charley are single. Should they get married, then their children should have a share. Then have I another daughter in Kansas. She is married to John Herd. She has three children and they too have a share in the oil, and if there is some case money, they shall divide it among each other, and my daughter has a part. Her married name was Carrie Kretzinger, and her present address is John Herd, Russell County, Kansas.

"For executors I name Herman and Charley.

Christ Kretzinger."

In its final decree, the county court— *without declaring who, by name, were all of the heirs at law of the decedent*—found that the decedent was survived by his wife, Anna Kretzinger, and all six of his children (naming them), and by twelve grandchildren (naming them) but that the court could not, at that time, say how many more grandchildren might yet be born (and *did not declare who, by name, were the persons included in the class of "grandchildren" of the decedent*). However, with respect to the tract of land involved herein, the court did find, and decree, that all of the decedent's grandchildren, "born, and unborn, shall equally share in all oil found under and on said land."

Subsequent to such final decree, two more children were born to children of Christ Kretzinger, and, apparently because of this last-mentioned finding and decree

in that final decree, they, as well as the twelve grandchildren who were living at the time of the death of Christ Kretzinger, were made parties defendant in the instant action and in the mortgage foreclosure action hereinafter mentioned.

By answers and cross-petitions in the instant action, the fourteen grandchildren of Christ Kretzinger alleged that, by the above-mentioned last will and testament of Christ Kretzinger, deceased, and final decree of the County Court of Logan County, Oklahoma, all of the oil, gas and other minerals in and under the described land was vested in them, in equal shares, and, except for the interests therein conveyed by them to six of the other defendants, was still owned by them. They also pleaded that this plaintiff, as the successor to whatever interest may have been possessed by Thomas Wolf, the mortgagor-defendant in a mortgage foreclosure action numbered 18,879 in the District Court of Garfield County, Oklahoma, in which J. W. Hoyt was the mortgagee-plaintiff, was estopped, by the judgment rendered in that case on January 20, 1942, in favor of the fourteen grandchildren and against all of the parties to that action, from asserting any right, title or interest in or to the oil, gas and other minerals. Based thereon, they (and their grantors, who also filed answers and cross-petitions in this quiet-title action) asked the court to establish, and to quiet, their title to, and their respective interests in, all of the oil, gas and other minerals in and under this tract of land, as against all of the other parties to the action.

In such mortgage foreclosure action, the mortgagee-plaintiff not only sought a money judgment against his mortgagors, Thomas Wolf and wife, and a sale of the property described in the mortgage (the quarter-section of land involved herein) to satisfy such money judgment, but, in an obvious attempt to judicially settle the claims of all possible claimants of any interest in such land, also brought in, as defendants, the five then-living children of

Christ Kretzinger (naming them), as the then-living heirs at law of Christ Kretzinger and of Anna Kretzinger (Christ Kretzinger's wife, who had survived him but had died in the meantime), the fourteen grandchildren of Christ Kretzinger (naming them), some of whom were children of Anna Allen, who was the sixth child of Christ and Ann Kretzinger and had died since their deaths, the surviving husband of Anna Allen, and the unknown heirs (etc.) of Christ Kretzinger, deceased, of Anna Kretzinger, deceased, and of Anna Allen, deceased, and asked the court to declare that none of them had any right, title or interest in or to the land described in his mortgage, and, as a necessary incident thereto, to judicially determine who, by name, were the heirs at law of each of the three named deceased persons (as authorized by the "three year" statute that later appeared as 84 O.S.1961, § 257), under allegations that more than three years had elapsed since the death of each of them without there having been a judicial determination of their heirs.

In that foreclosure action, the fourteen grandchildren of Christ Kretzinger filed answers and cross-petitions which, taken together, in substance and effect, alleged that, under the last will and testament of Christ Kretzinger, deceased, and the above-mentioned final decree of the County Court of Logan County, Oklahoma, they were the owners, in equal shares, of all of the oil, gas and other mineral interests and rights relating to said land, and asked the court to establish their ownership of such interests and rights, as against all of the other parties to the action, and to declare that the same were not covered by the mortgage involved in that case.

In its journal entry of judgment in that case, dated as of January 20, 1942, the district court rendered a money judgment in favor of the mortgagee-plaintiff and against the mortgagor-defendants, for the unpaid amounts found due under, and secured by, the mortgage, and provided for the sale of Thomas Wolf's interest in the land (as declared in the journal entry) to satisfy such money judgment if not fully satisfied within thirty days after the date of such judgment.

In establishing Thomas Wolf's interest in the property—which, under authority cited by the plaintiff in the case at bar, is all that can be sold in a mortgage foreclosure action to satisfy the obligations secured by the mortgage—the district court, in its journal entry of judgment in that case, found and decreed, in substance and effect, that this quarter-section of land was owned, in fee simple, by Christ Kretzinger at the time of his death; that, under his last will and testament and the above-mentioned final decree of the County Court of Logan County, Oklahoma, all children of children of the testator, of which there were fourteen at the time of such judgment in 1942 (naming them), with no apparent prospect of any more being born, became the owners, in equal shares, of all of the oil, gas and other minerals and rights incidental thereto, and Herman Kretzinger and Charles Kretzinger, sons of the testator, became the owners, in equal shares, of all other interests in said tract of land; and that, through the said Herman Kretzinger and Charles Kretzinger, the mortgagor, Thomas Wolf, had succeeded to, and at the date of the mortgage was the owner of, said tract of land except, or subject to, the oil, gas and other minerals, and rights incidental thereto, which were owned by those fourteen grandchildren of Christ Kretzinger, as declared in such journal entry.

In that journal entry, the court also found that Christ Kretzinger, and his surviving wife, Anna Kretzinger, and one of the six children who had survived both of them, Anna Allen, had died more than three years prior to the commencement of the action and there had been no judicial determination of heirship as to any of them, and, as prayed for by the mortgagee-plaintiff, found and decreed that certain persons (naming them, as alleged in the plaintiff's petition) were the sole and only heirs at law of each of them.

Within the thirty-day period following the date of the judgment in that foreclosure action, the mortgagee-plaintiff filed in that case an acknowledgement of payment and satisfaction of "the judgment" in the cause, with a release, in full, of "said judgment;" and, of course, as a result thereof, no special order of sale of the property covered by the mortgage was ever issued in the cause. Also, as with respect to the final decree in the matter of the estate of Christ Kretzinger, deceased, no appeal involving any branch of the case was ever taken by any one.

At the trial of the present case, the plaintiff, W. G. Steinert, who had been in possession of the land since 1946, testified that, insofar as he knew, there had never been any oil, gas, or other minerals produced from the land. While the grandchildren did not controvert this testimony, they did not, and do not, base their claim of ownership of all of the oil, gas and other minerals upon production of any such minerals from the land. All other pertinent facts were covered by stipulation or by copies of documents (including, but not limited to, a copy of the journal entry of judgment in the foreclosure action, which, itself, included a correct copy of the final decree in the matter of the estate of Christ Kretzinger, deceased) admitted into evidence by stipulation of the parties. The grandchildren of Christ Kretzinger conceded that the plaintiff, as the successor in interest to Herman Kretzinger and Charles Kretzinger, was the owner of the "surface" of the tract involved, and the plaintiff conceded that, under the last will and testament of Christ Kretzinger and the final decree of the county court in the matter of his estate, the grandchildren of Christ Kretzinger (and their grantees) would be entitled to receive all royalty on any oil only that may be produced from this land, and to that extent, but only to that extent, modified his claim to a fee-simple title to such land.

At the close of the trial in the present case, it was agreed by all of the parties and the trial court that the only question left for determination by the court was whether or not the adjudication with respect to the title to this quarter-section of land, made in the foreclosure action, constituted a valid, final judgment which would support a plea of res adjudicata or judgment by estoppel, and bar all of the parties to that action, and their privies, from disputing the questions of fact and of law determined thereby.

In its journal entry of judgment in the present case, the trial court found, and adjudged, that, under the evidence, the fourteen grandchildren of Christ Kretzinger who were defendants in the action (naming them), and their six grantees who were defendants in the action (naming them), were the owners (in certain proportions set out in the journal entry) of all of the oil, gas and other minerals in and under the land involved, and the plaintiff, W. G. Steinert, had *no right, title or interest in* or to any of any of the oil, gas or other minerals in and under said land, and also found, and adjudged that the plaintiff was estopped, by the judgment in the above-mentioned foreclosure action, from asserting any right, title or interest in or to the oil, gas and other minerals in and under said land. Based thereon, the trial court quieted the title to all oil, gas and other minerals in and under this quarter-section of land in the persons so named in the journal entry as the owners thereof, as against all of the other defendants and the plaintiff.

In this court, the plaintiff argues (and the grandchildren tacitly agree) that a "final" judgment, as distinguished from an "interlocutory" judgment, is required to support a plea of res adjudicata or estoppel by judgment, and the judgment relied upon must have been rendered by a court having jurisdiction of the subject matter; and, citing 30A Am.Jur. 240, Judgments § 121, argues (and the grandchildren tacitly agree), that for the purposes of res adjudicata or estoppel by judgment, a "final" judgment is one which determines and disposes of the whole merits of the cause before the court by declaring that

the plaintiff either is or is not entitled to recovery on the remedy chosen, or completely and finally disposes of a branch of the cause which is separate and distinct from other parts thereof," whereas an "interlocutory" judgment, as distinguished from such a "final" judgment, is "one which is made before a final decision, for the purpose of ascertaining a matter of law or fact preparatory to a final judgment, or which determines some preliminary or subordinate point or plea, or settles some step, question, or default, arising in the progress of the cause, but does not adjudicate the ultimate rights of the parties or finally put the case out of court." Since the grandchildren do not question such statements of principles, but tacitly agree with them, we shall, for the purposes of this opinion, accept them as correct statements.

The plaintiff's only contention herein (although set forth as two, separate propositions) is that the trial court erred, as a matter of law, in holding that he was estopped, by the judgment in the foreclosure action, from asserting any right, title or interest in or to the oil, gas and other minerals in and under the quarter-section of land involved in both actions, (a) because the district court was without jurisdiction, in such foreclosure action, to "reconstrue" the will of Christ Kretzinger, deceased, and (b) because the judgment in such foreclosure action never did become a "final" judgment, as distinguished from an "interlocutory" judgment. Only those two elements of estoppel by judgment are involved in the plaintiff's argument.

As disclosed by his argument, the plaintiff's principal and primary contention herein is to the effect that the district court was without jurisdiction, in the mortgage foreclosure action, to "re-construe" the last will and testament of Christ Kretzinger, deceased, as it did, because the original jurisdiction to construe such will was vested in the County Court of Logan County, Oklahoma, in the distribution of the testator's estate, and it did so in its final decree of March 21, 1925, and no

appeal was taken from that final degree. He argues that, under the provisions of the statute that now appears as 58 O.S. 1961, § 632, such adjudication as to the rights of the heirs and devisees of Christ Kretzinger was conclusive as to all persons claiming, or to claim, as heirs or devisees of the decedent; and that, therefore, the district court, in adjudicating the title to the tract of land described in the mortgage involved in the above-mentioned mortgage foreclosure action, was bound by the county court's construction of the will, as disclosed by its order of distribution, and was without jurisdiction to place its own interpretation upon the provisions of the will.

The plaintiff states that the key to the entire litigation is found in the paragraph of the county court's final decree which provides that:

"It is therefore, considered, ordered, adjudged and decreed by the court that the real estate in the County of Garfield, State of Oklahoma, described as follows: [description of the quarter-section of land involved in the present case] vest in the said Herman Kretzinger and Charles Kretzinger, to be divided equally between them. (Provided, however, that in the event oil is discovered, the oil interest is to vest in the grand-children, born or unborn, as provided by said last will and testament.)"

He argues that it is obvious that, by this paragraph of such final decree, the county court intended to, and did, vest in Herman Kretzinger and Charles Kretzinger (through whom he claims) the fee-simple title to this quarter-section of land, subject only to the contingent right of the grandchildren of Christ Kretzinger to receive the royalty on any oil (as distinguished from gas and "other minerals") produced from the land, if and when produced from the land, without any right to participate in the leasing of the land for oil, gas or other minerals, or in any bonus, or delay rentals, payable under any such lease, or in any royalty on gas or any

"other minerals" which might be produced from the land; that, although purporting to base its adjudication as to the ownership of various interests in this land upon the last will and testament of Christ Kretzinger, as construed by the county court in such final decree, the district court, in its journal entry of judgment in the mortgage foreclosure action, attempted to vest the entire mineral interest in the grandchildren of Christ Kretzinger, contrary to the provisions of such final decree of the county court, so that adjudication must, of necessity, have been based upon the district court's own interpretation of the provisions of the will rather than upon the county court's obvious interpretation thereof as set forth in its final decree.

The early Oklahoma statute that now appears as 58 O.S.1961, § 631 provided in 1925, and still provides, that "Upon the final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator, or of any heir, legatee, or devisee, the court must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who by law are entitled thereto;" and the early Oklahoma statute that now appears as 58 O.S.1961, § 632 (relied upon by the plaintiff herein) provided in 1925, and still provides, that:

"In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal."

Concerning instances in which a will is involved, it is held in Oberlander et al. v. Eddington (1964), Okl., 391 P.2d 889, and in Matthewson v. Hilton (1958), Okl., 321 P.2d 396, that:

"Title 58 O.S.1961 § 632, imposes upon a county court acting in probate the mandatory duty of determining who are the beneficiaries, the part to which each is entitled, and the nature and extent of their interest in the estate; and in so doing it has jurisdiction to construe and interpret the will under which the property is distributed."

As we see it, the real question presented herein is whether or not, in this instance, the county court complied with its mandatory duty under this statute, for, if it did not, it appears that the district court, in a proper case, would have jurisdiction to determine such names, and proportions or parts, with respect to particular real property.

The 1919 Oklahoma Legislature passed an act (House Bill No. 445; Chapter 261 O.S.L.1919) that later appeared as 84 O.S. 1941, 1951, and 1961 §§ 257 through 261, and which, according to the provisions of Section 1 thereof (84 O.S.1961, § 257) was, and is, applicable:

"In any action which relates to or the subject matter of which is real property, or for the determination in any form of any interest, right, title or estate therein, or in which the relief demanded consists wholly or partly in excluding the defendants or any of them from any interest, right, title or estate therein."

Except for 1965 amendments which substituted the words "one or more years" for the words "three or more years," appearing in Section 1 thereof (84 O.S.1961, § 257) and made some changes in Section 4 thereof (84 O.S.1961, § 260), which are immaterial herein, those 1919 statutes remain the same as when they were adopted.

Prior to the 1965 amendment of 84 O.S. 1961, § 257, that 1919 statute provided, insofar as pertinent herein, that:

"Where any person dies intestate possessed of real property in this State, or dies having devised pursuant to the law of this State any real property in this State, in terms to 'heirs,' 'relations,'

'nearest relations,' * * * or to persons by any other description or designation which leaves at large the names or individual identity of the particular persons embraced therein, and the period of three or more years since the death of such intestate or testator has elapsed without there having been a decree by the county court of the county having jurisdiction to administer upon his estate, wherein it was judicially determined who, by name, are or were all the particular persons entitled to participate in the distribution of such real property under such devise or the law of succession, * * * the name and individual identity of each and all the persons who take or were entitled to take such real property and the *proportion or part thereof which each takes or was entitled to take*, immediately under such testamentary devise, * * * or the law of succession, may be judically determined and jurisdiction thereto invoked in · the manner following: * * *." (Emphasis supplied)

The manner of invoking the court's jurisdiction to determine such matters in such a case is set forth in the balance of that section and in Sections 4 and 5 of the 1919 act (84 O.S.1961, §§ 260 and 261.)

Section 2 of said 1919 act (84 O.S.1961, § 258) provides that:

"Upon the trial of hearing, and accordingly as the proof or the state of the pleadings warrant, the court *shall* find and adjudge *the name and individual identity of each and all the persons* who take or were entitled to take such real property *and the proportion or part thereof which each takes or was entitled to take*, immediately under such testamentary devise, * * * or the law of succession, as the case may be, describing such testamentary devise, * * * or naming such intestate." (Emphasis supplied)

Section 3 of said 1919 act (84 O.S.1961, § 259) provides that:

"Such decree or judgment shall be conclusive as to the rights of such devisees, or heirs at law or such deceased person, * * * and of their heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote, in and to such real property and every part thereof, subject only to be reversed, or set aside, or modified, on appeal, or to be opened and they or any of them let in to defend upon the same terms and with like effect, as provided in section 4728, article 6, chapter 60, of the Revised Laws of Oklahoma 1910 [12 O.S.1961 § 176]."

Thus, such a determination, in a proper case, would be just as binding and conclusive as a determination of the same facts by a county court acting under the provisions of 58 O.S.1961, § 631 and § 632, supra, and, of course, would require the court to construe the will involved in the same circumstances that a county court would be required to construe the same will.

In the present instance, the county court clearly did not judicially determine the heirship of Christ Kretzinger, deceased, in its order of distribution dated March 21, 1925, so the petition of the mortgagee-plaintiff in the mortgage foreclosure action presented a proper case for the district court, acting under the above-mentioned 1919 act, to judicially determine who, by name, were all of the heirs at law of the decedent, and the proportion or part, if any, of the real property described in the mortgage, which each such person took, or was entitled to take, as such an heir at law of the decedent, under the law of succession of the State of Oklahoma, which, incidentally, would also disclose who, if any one, was bound and concluded, under 58 O.S.1961 § 632, as such an "heir" of the decedent, by the county court's order of distribution with respect to that particular real property. In that mortgage foreclosure action, the district court found and adjudged the names and individual identity of each and all of the persons who were the heirs at law of

Christ Kretzinger, deceased, at the time of his death, and that none of them, as such an heir at law, took, or was entitled to take, any interest in or to said real property under the law of succession.

Also, the cross-petitions of the grandchildren of Christ Kretzinger in that mortgage-foreclosure action, asking the district court to establish, and quiet, their title to all of the mineral rights in and to the real property described in the mortgage, as against all of the other parties to the action, together with the mortgagee-plaintiff's prayer for a sale of the mortgagor's interest in the property described in the mortgage, certainly presented to the district court a proper case for it to find and adjudge—as a necessary incident to the granting of the relief prayed for by the mortgagee-plaintiff and the grandchildren of Christ Kretzinger—the name and individual identity of each and all of the persons who took, or were entitled to take, any interest in such real property, immediately under Christ Kretzinger's testamentary devise of such property, and the proportion or part of such property which each such named person took, or was entitled to take, immediately under such testamentary devise, if those facts were not judicially determined by the county court in its order of distribution under date of March 21, 1925, in the matter of the estate of Christ Kretzinger. And, in doing so in such a proper case, the district court would have the "incidental" authority to construe the last will and testament of the decedent [See Hayhurst v. Hayhurst et al. (1966), Okl., 421 P.2d 257].

■ Furthermore, even where the county court having jurisdiction of a testator's estate has distributed the testator's estate and, in doing so, has construed the will of the decedent, its final decree, if uncertain, vague, or ambiguous, is subject to judicial interpretation, and the provisions of the will may be considered by a court of equity in resolving the uncertainty and interpreting the decree. Long v. Drumright (1962), Okl., 375 P.2d 953.

■ In the present instance, the County Court of Logan County, Oklahoma, in its March 21, 1925, order or decree of distribution of the estate of Christ Kretzinger, deceased, not only did not judicially determine the names and individual identity of each and all of the persons who were the heirs at law of the decedent, and the proportion or part, *if any,* of the estate of the decedent which each one of them took, or was entitled to take, as such an heir at law, under the law of succession, but (although judicially determining *the names* of two of the devisees involved) did not judicially determine the names and individual identity of each and all of the persons who took, or were entitled to take, any interest in the quarter-section of land described in the mortgage involved in the above-mentioned mortgage foreclosure action, immediately under the testamentary devise thereof as contained in the last will and testament of the decedent, or the proportion or part thereof (the exact interest therein) which each such person—even the two sons named therein as devisees with respect to this tract of land —took, or was entitled to take, immediately under such testamentary devise. Consequently, the district court had jurisdiction, under the provisions of the statutes that appeared as 84 O.S.1961, §§ 257 through 261, to judicially determine all of those facts, as a necessary incident to granting complete relief on all of the issues between all of the parties.

Incidentally, at the commencement of the trial in the present case, the parties stipulated, among other things, "That on March 21st, 1925, after administration proceedings, a final decree of distribution was entered without a proper judicial determination of heirs, legatees and devisees of Christ Kretzinger, deceased." However, this probably was not intended by the plaintiff herein as an admission that the county court did not judicially determine, in such final decree, the exact interest in

this tract of land that the grandchildren, born and unborn, took, or were entitled to take, under the will, and the exact interest in such property which the two sons, together, took, or were entitled to take, under the will.

■ Since, in this case, the county court had entered an order of distribution of this property—whether complete or incomplete—the district court, in making the necessary determinations in the mortgage foreclosure action, concerning the names, and shares, of each and all of the heirs at law, and of each and all of the devisees, was required to give proper consideration to that order of distribution.

Under that order of distribution, as we see it, Herman Kretzinger and Charles Kretzinger, sons of the decedent, together, took, or were entitled to take, under the will, whatever interest in this real property the grandsons of the decedent, as a class, were not entitled to take, under the will. This means that it was necessary for the district court to determine the exact interest which the grandchildren, as a class, took under the order of distribution before the exact interest which the two sons, together, took under the order of distribution. However, except for finding and decreeing that the word "children," as used therein, meant children of the decedent's own children, whether born before or after the testator's death, the county court, in its order of distribution, did not determine or declare exactly what the testator had intended by the provision in his will that "then if once oil is found on my farm, then shall the children divide it," but, in stating the interest of the grandchildren, as a class, under that provision of the will (and, therefore, the interest of the two sons of the decedent, as a class), simply referred to the provisions of the will, and, in substance and effect, used the language used by the testator in his will.

■ We think that the provisions of the county court's order of distribution of the tract of land involved herein are so uncertain, vague or ambiguous as to require an interpretation thereof by the district court when is was attempting to make them meaningful and effective in order to grant complete relief in the mortgage foreclosure action, and that, in interpreting those provisions of the order of distribution, it was necessary for the district court to consider, and construe, those provisions of the will.

We also think that, in the mortgage foreclosure action, the district court took the same view of the situation and proceeded to do all that the county court had failed to do in its order of distribution dated March 21, 1925. Under the provisions of the statutes that appeared as 84 O.S.1941 §§ 257 through 261, and the principles of law stated in Hayhurst v. Hayhurst et al., supra, and in Long et al. v. Drumright, supra, the district court, in the circumstances, had jurisdiction, in the mortgage foreclosure action involved in this case, to construe the will of Christ Kretzinger, deceased, in order to interpret the pertinent provisions of the county court's order of distribution of the tract of land involved herein, so that the district court could be guided by that order of distribution in establishing, and declaring, the respective interests of the grandchildren and of the mortgagor in and to the real property described in the mortgage involved therein.

Whether the district court, in the foreclosure action, correctly interpreted the county court's order of distribution and, in interpreting that order, correctly construed the will involved, or misinterpreted the order of distribution and/or the will, is wholly immaterial herein, for no appeal was ever taken from its judgment concerning the title to the land in question, based upon such interpretation or interpretations, and, under the provisions of the statute that appeared as 84 O.S.1941, § 259, such adjudication as to names and shares became binding and conclusive long before the commencement of the present action.

Concerning the latter part of his contention—that the judgment in the foreclosure action never did become a "final" judgment, as distinguished from an "interlocutory" judgment—the plaintiff argues that, since title does not pass, in any mortgage foreclosure action, unless and until the property covered by the mortgage is sold, as provided for in the judgment, to satisfy the obligations secured by the mortgage, as established in the judgment, and, in this instance, the property never was sold under the judgment because the obligations secured by the mortgage were fully satisfied within the time allowed therefor in the judgment and "the judgment" was released of record, the judgment in this foreclosure action never did become a "final" judgment, as distinguished from an "interlocutory" judgment, and the situation became the same as though no judgment had been rendered in the cause.

It might be that that argument would have some validity with respect to that portion of the journal entry of judgment in a mortgage foreclosure action which provides that, from and after the sale of the property covered by the mortgage, as provided for in the journal entry, all of the parties to the action claiming any right, title or interest in or to such property, and all persons claiming any right, title or interest in or to such property by, through, or under them or any of them since the commencement of the foreclosure action, shall be forever barred and foreclosed from asserting any such claimed right, title or interest. However, that portion of the journal entry of judgment in the present instance is not involved in the present case, and we do not pass upon that question.

The plaintiff's argument overlooks the fact that the fourteen grandchildren of Christ Kretzinger were the "plaintiffs" in the cause of action set forth in their cross-petitions seeking to have their claimed title to all of the oil, gas and other minerals in and under the land described in the mortgage as against all of the other parties to the mortgage foreclosure action; and that their cause of action constituted a branch of the case that was separate and distinct from the branch of the case in which the mortgagee-plaintiff sought a money judgment against his mortgagors and a sale of the property covered by the mortgage to satisfy his money judgment against the mortgagors.

In its journal entry of judgment in the mortgage foreclosure action, the district court determined that the fourteen grandchildren of Christ Kretzinger (as plaintiffs in the cause of action set forth in their cross-petitions against all of the other parties to that case) were entitled to recovery on the remedy they had chosen, and adjudicated the ultimate rights of all of the parties with respect to the oil, gas and other minerals in and under the tract of land described in the mortgage, and, acting on the mortgagee-plaintiff's petition, also adjudicated the ultimate rights of all of the parties with respect to all other interests in and to the tract of land described in the mortgage, and provided for the sale of such other interests in the land described in the mortgage—the interests covered by the mortgage—to satisfy the obligations secured by the mortgage. There was nothing "interlocutory" about the provisions of the journal entry of judgment in the mortgage foreclosure action concerning the exact interest owned by the fourteen grandchildren of Christ Kretzinger in the land described in the mortgage, or concerning the exact interest in such land that was acquired by the mortgagor, Thomas Wolf, through Herman Kretzinger and Charles Kretzinger, and was covered by the mortgage, and could be sold to satisfy the mortgagee-plaintiff's money judgment against Thomas Wolf and his wife.

The character of the adjudication concerning the title to the real property *described* in the mortgage involved in that mortgage foreclosure action, and the ownership of various, separate and distinct interests in such property, did not,

at the time it was made, depend, in any manner or to any extent whatsoever, upon whether or not there would be a sale of the property or interests *covered* by the mortgage to satisfy the obligations secured by the mortgage. That is true even with respect to that portion of such adjudication that declared that the mortgagor, Thomas Wolf, was the owner of all of the right, title and interest in and to the property described in the mortgage except the oil, gas and other minerals therein and thereunder, although, under the portion of the journal entry in favor of the mortgagee-plaintiff, the mortgagor would be divested of such interest *if* it became necessary to sell the property *covered* by the mortgage to satisfy the obligations secured by the mortgage.

None of the cases cited by the plaintiff involved the finality of that portion of the journal entry of judgment in a *mortgage foreclosure* action which adjudicated the title to the real property described in the mortgage in question and the ownership of various, separate and distinct interests in the real property described in the mortgage, so none of them is in point herein. That adjudication in the journal entry of judgment in the foreclosure action involved in the present case constituted a "final" judgment, as distinguished from an "interlocutory" judgment, as those terms are defined in the authority cited by the plaintiff herein. It follows that such judgment concerning the title did not become unnecessary, inoperative, of no legal force or effect, and, therefore, "outside the jurisdiction of the court," as contended by the plaintiff in a part of his argument concerning the district court's lack of jurisdiction to make such adjudication.

The plaintiff's assignments of error, as argued in his briefs, cannot be sustained.

Judgment affirmed.

PARR and THEUS, JJ., concur.